# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENIAMINO GUARINO, | ) |
| Petitioner, | ) |
| v. | ) Case Number: 08-cv-0390-MJR |
| LISA HOLLINGSWORTH, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court are Respondent Lisa Hollingworth's Motion to Dismiss (Doc. 14) and Petitioner Beniamino Guarino's Motion for Default (Doc. 11). For the reasons discussed below, the Court **GRANTS** Respondent's Motion to Dismiss and **DENIES as MOOT** Petitioner's Motion for Default.

### I. Factual and Procedural Background

On May 16, 1993, Petitioner was sentenced in the United States District Court for the Southern District of Florida for Making False Statements in an Application for a United States Passport (Doc. 9, p. 2). Petitioner was sentenced to six months of incarceration, followed by a three-year term of supervised release. Petitioner, however, had already been incarcerated for over nine months between his arrest and sentence (Doc. 9, p. 2; Doc. 9-2, Docket entry 37). Consequently, he was released from confinement on June 18, 1993. On July 23, 2007, Petitioner was arrested by the United States Marshals Service for violating the conditions of his supervised release (Doc. 9).[1] The United

---

[1] For reasons unknown to this Court, Petitioner did not serve his three year supervised release term consecutive to his incarceration.

States District Court for the Southern District of Florida subsequently revoked Petitioner's supervised release on September 27, 2007, and sentenced Petitioner to a period of incarceration of 24 months (Doc. 9-2, p. 33).

On June 2, 2008, Petitioner filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was incarcerated at the United States Penitentiary in Marion, Illinois ("USP Marion") (Doc. 1). He maintains that the sentence he received for violating the conditions of his supervised release was improperly calculated and that it should have been reduced by an additional 27 days (Doc. 1, p. 4).

Respondent contends that Petitioner's sentence was calculated properly. She submits that Petitioner received prior custody credit for the time he served beyond his six months' sentence before his sentence was imposed, and he also received prior custody credit for the time he spent in prison before the district court revoked his supervised release (Doc. 9, p. 3). Respondent argues that Petitioner received a total of 198 days of prior custody credit and that Petitioner's claim that his sentence should be additionally reduced by 27 days is based upon a misunderstanding of how sentences are calculated (Doc. 9, p. 4).

Respondent seeks dismissal of Petitioner's petition for habeas corpus, contending that his petition is moot because he has served the sentence he received for violating the conditions of his supervised release, and he was released from federal custody on December 8, 2008 (Doc. 14). Petitioner did not to respond to Respondent's motion to dismiss.

## II.  Analysis

Any petitioner who files a petition for habeas corpus relief while he is incarcerated is in "custody" within the meaning of the federal habeas corpus statutes. *Spencer v. Kemna,* 523 U.S. 1, 6 (1998). "Custody" does not, however, require physical confinement. *See Cochran v. Buss,* 381 F.3d 637, 640 (7th Cir. 2004) ("[i]t has long been established that "custody" does not require physical confinement"); *Phifer v. Clark,* 115 F.3d 496, 500 (7th Cir. 1997) ("Because [the petitioner] filed his habeas corpus while he was in physical custody, his release ... does not, in itself, cause the petition to become moot."). The question before the Court then is not whether Petitioner's petition for habeas corpus is moot because he is no longer incarcerated but whether there remains a "case and controversy" this Court can resolve. *See Spencer,* 523 U.S. at 7 (noting "[t]he more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, §2 of the Constitution.").

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler,* 360 F.3d 787, 790 (7th Cir. 2004), *citing Spencer,* 523 U.S. at 7 (noting the "case or controversy requirement subsists through all stages of federal judicial proceedings."). A federal court must therefore "dismiss a case as moot when it cannot give the petitioner any effective relief." *Butler,* 360 F.3d at 790; *see also Handy v. Schwartz,* 2009 WL 35190, *1 (S.D. Ill. Jan. 5, 2009) (noting a case is moot "when the Court can offer no relief because the harm is done and cannot be undone ... [and] the Court no longer has jurisdiction to hear it."); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (per curiam) (federal courts do not have the power "to

decide questions that cannot affect the rights of litigants in the case before them."); *Spencer*, 523 U.S. at 7; *D.S.A. v. Circuit Court Branch* 1, 942 F.2d 1143, 1146, n.2 (7th Cir. 1990). Thus, in the habeas corpus context, a petitioner who is released from custody may continue to seek the writ only if the Court can offer relief because "collateral consequences – lingering disabilities or burdens" exist. *D.S.A.*, 942 F.2d at 1146.

Collateral consequences may include, for example, "the inability to hold public office, vote in state elections and serve as a juror." *Handy*, 2009 WL 35190 at *1, citing Carafas v. La Vallee*, 391 U.S. 234, 237-38 (1958). Collateral consequences are presumed to exist when a petitioner's habeas petition challenges his underlying criminal conviction. *See Spencer*, 523 U.S. at 7-8; *see also Cochran*, 381 F.3d at 641. Courts do not apply this presumption to petitions where a released petitioner does not challenge his underlying criminal conviction but instead challenges his "sentence calculations where no collateral consequences are likely." *Handy*, 2009 WL 35190, *1; *Weiss v. Indiana Parole Board*, 2007 WL 1302116, *1 (7th Cir. 2007) (noting "no such presumption exists to sentencing determinations."). In fact, "any challenge to the length of [the petitioner's] sentence becomes moot unless there are collateral consequences that may be redressed in the habeas corpus proceeding." *Morningstar v. Hathaway*, 2008 WL 3461621, *1 (S.D. Ill. 2008), *citing Spencer*, 523 U.S. at 1.

Petitioner bears the burden of proving that collateral consequences exist that keep his petition alive after his release from custody. *See Morningstar*, 2008 WL 3461621 at *1 (noting the "petitioner bears the burden of proving that such collateral consequences exist."). Petitioner, here, failed to carry this burden in that he

4

did not respond to Respondent's motion to dismiss and, consequently, failed to prove - or even point out - any collateral consequences he continues to suffer as a result of the alleged improper calculation of his sentence. *See Handy,* **2009 WL 35190, *1**. As a result, there is no live case or controversy for the Court to adjudicate, and Petitioner's petition is moot.

Petitioner's motion for default is based upon a misunderstanding of a Court Order (Doc. 4). As Petitioner submits, the Court required Respondent to answer Petitioner's petition within 23 days of receipt of the application for writ of habeas corpus (Doc. 4). Respondent was served, *i.e.,* received the application, on July 23, 2008, and, as a result, her answer was due on August 15, 2008. Accordingly, Respondent's August 14 response was timely, and Petitioner's motion for entry of default will be denied.

### III. Conclusion

Consequently, the Court **GRANTS** Respondent's motion to dismiss (Doc. 14), **DENIES** Petitioner's Motion For Default (Doc. 11) and **DISMISSES** Petitioner's petition for writ of habeas corpus. This case is closed.

**IT IS SO ORDERED.**

**DATED this 3rd day of September, 2009.**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**